STATE OF INDIANA

COUNTY OF BLACKFORD

SS:

IN THE BLACKFORD SUPERIOR/CIRCUIT COURT

MMI OF HARTFORD CITY LLC,
          Plaintiff,

    v.

AUTO-OWNERS INSURANCE COMPANY,
          Defendant.

CASE NO.:

## **COMPLAINT**

COMES NOW Plaintiff, **MMI of Hartford City LLC** ("Plaintiff"), by counsel, Ashford DiMartino, P.C., for its claims against **Auto-Owners Insurance Company** ("Defendant") states as follows:

### THE PARTIES

1)     At all times relevant herein, Plaintiff has been an Indiana limited liability company, doing business in Blackford County, Indiana.

2)     At all times relevant hereto, Plaintiff owned certain real estate and improvements located at 1709 N. Walnut St., Hartford City, IN 47348 (the "Property").

3)     At all times relevant hereto, Defendant is and has been an insurance company, doing business and selling policies of commercial insurance in the state of Indiana.

4)     At all times relevant hereto, Defendant has been licensed by the Indiana Department of Insurance to issue commercial insurance policies to Indiana businesses and has been doing business in accordance therewith.

### THE POLICY

5)     At all times relevant hereto, Defendant issued a commercial policy, Policy Number

194602-09293321-21 (the "Policy") to Plaintiff, which specifically covered the Property. [A copy of the Policy, with the coverage term of 9/30/2021 through 9/30/2022 is attached hereto and incorporated herein as Exhibit "A".]

6)    The Policy provides replacement cost coverage for direct physical loss or damage to building or business personal property on the Property.

7)    Plaintiff paid all Policy premiums that became due during the Term, for all coverages and Endorsements.

8)    The Policy remained in force throughout the duration of the Term.

### THE CLAIMS

9)    On or about January 9, 2022, the Property sustained damage from a water line break not otherwise excluded or limited in the Policy (the "Loss").

10)    Shortly thereafter, Plaintiff reported its claim to Defendant.

11)    Defendant received timely notice of the damage claim, and further assigned it Claim Number 300-0022203-2022 (the "Claim"), with a date of loss of 1/9/2022.

12)    Defendant inspected the property and determined that it was a covered loss.

13)    Plaintiff fully complied with all terms and conditions precedent under the Policy pertaining to the provision of coverage and/or the issuance of payment for all losses associated with the Claim.

14)    Plaintiff has not excused Defendant's non-performance of its obligations under the Policy.

15)    Plaintiff has satisfied any and all preconditions to coverage, or to filing suit, or the same has been waived by Defendant.

16)    Plaintiff further submitted a Proof of Loss on June 30, 2022.

17)    The parties were unable to agree as to the amount of loss for Plaintiff's claims under each

coverage provision.

18)    Pursuant to the Policy, if the parties fail to agree on the amount of the "loss," either may demand an appraisal of the "loss."  The full appraisal provision provides as follows:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will stat separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

19)    On or about July 14, 2023, Plaintiff demanded an appraisal of the Loss, pursuant to the Policy.  [A true and accurate copy of the demand for appraisal is attached hereto as Exhibit "B"].

20)    On July 14, 2023, Plaintiff identified Joe Hoffman of Hoffman Adjustment, Inc. as its Appraiser.

21)    Thereinafter, Defendant identified Paul Nash as its appraiser, and the two appraisers agreed to appoint retired judge Gene Duffin as the Umpire. [A copy of the agreement is attached as Exhibit "C"].

22)    On December 1, 2023, the appraisal panel issued a binding appraisal award in the amount of $227,526.36. [A copy of the appraisal award is attached as Exhibit "D"].

23)    Pursuant to the Policy, Defendant is required to pay Plaintiff for the covered loss within 30 days after receipt of the sworn proof of loss and an appraisal award has been made.

24)    Despite its clear obligation, Defendant has failed and refused to pay Plaintiff in accordance with its Policy.

25)    Instead, Defendant has sought to delay a resolution beyond the contractual limitations

period for filing suit, January 9, 2024.

26)     At all times relevant hereto, Defendant has acted by and through its employees and agents in its handling of the Claim.

## COUNT I – BREACH OF CONTRACT

1-26.    Plaintiff, repeats and re-alleges rhetorical paragraphs 1-26, as if fully reincorporated herein.

27)     The Policy is a valid contract ("Contract") between Plaintiff and Defendant.

28)     In addition to the provisions in the Policy, amendments and endorsements, the Contract further includes additional provisions required by law, as well as an obligation by Defendant to exercise a covenant of good faith and fair dealing toward Plaintiff.

29)     Defendant has breached its Contract with Plaintiff in one or more of the following ways:

      a)     Misrepresenting the terms and conditions of coverage;

      b)     Failing and refusing to pay for the replacement cost and/or actual cash value and depreciation for Plaintiff's damaged property;

      c)     Misrepresenting Defendant's policies regarding payment of coverages;

      e)     Failing and refusing to pay the cost to replace Plaintiff's damaged property, without legal excuse or justification;

      f)     Failing and refusing to pay Plaintiff pursuant to the replacement cost coverage for which Plaintiff have paid additional premiums and costs;

      g)     Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

      h)     Intentionally misleading and/or deceiving Plaintiff;

      i)     Failing and/or refusing to properly inspect and/or investigate the loss; and

      j)     Failing to exercise good faith and fair dealing in its handling of Plaintiff's Claim.

30)    As a direct and proximate result of Defendant's breach of contract with Plaintiff, Plaintiff has suffered consequential damages, including but not limited to:

      a)     The loss and damage to its property without indemnification provided for in the Policy;

      b)     The loss of use of its property and other insurance benefits;

      c)     The increased cost to repair and/or replace its property insured;

      d)     Depreciated amount of real and personal property; and

      e)     Other consequential damages.

WHEREFORE, Plaintiff **MMI of Hartford City LLC**, by counsel, respectfully requests judgment in its favor and against Defendant **Auto-Owners Insurance Company**, and further requests the following relief:

      A.    For the payment of all proceeds available and due under the Policy;

      B.    For all reasonable compensatory and consequential damages;

      C.    For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and

      D.    For all other just and proper relief in the premises.

Respectfully submitted,

ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD
/s/ *C. Anthony Ashford*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210, ext. 2
F: (219) 728-5210

cashfordlaw1@gmail.com

## COUNT II – BAD FAITH/BREACH OF COVENANT OF GOOD FAITH

1-30.    Plaintiff repeats and re-alleges rhetorical paragraphs 1-30, as if fully reincorporated herein.

31)    In addition to breaching its Contract with Plaintiff, Defendant further breached its covenant of good faith and fair dealing with Plaintiff in one or more of the following manners:

a)    By making an unfounded refusal to pay policy proceeds to Plaintiff;

b)    By causing an unfounded delay in making payment to Plaintiff for its damaged property;

c)    By misrepresenting pertinent facts and insurance policy provisions relating to the claims and coverages at issue;

d)    By attempting to exercise any unfair advantage to pressure Plaintiff into a settlement of its claim;

e)    By failing and refusing to pay Plaintiff in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with Plaintiff regarding its claim;

f)    By compelling Plaintiff to institute litigation to protect policy benefits due under the policy, by intentionally and improperly delaying a decision.

32)    Defendant's actions were made in bad faith and/or a breach of the covenant of good faith and fair dealing, and have resulted in additional injury and damage to Plaintiff, including but not limited to consequential damages.

WHEREFORE, Plaintiff, **MMI of Hartford City LLC**, by counsel, respectfully requests judgment in its favor and against Defendant, **Auto-Owners Insurance Company**, and further

requests the following relief:

    A. For all reasonable compensatory and consequential damages at law;

    B. For all recoverable punitive damages at law;

    C. For recoverable pre-judgment and post-judgment interest; and recoverable attorney fees and costs; and,

    D. For all other just and proper relief in the premises.

ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD
*/s/ C. Anthony Ashford*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210, ext. 2
F: (219) 728-5210
cashfordlaw1@gmail.com

**JURY DEMAND**

**PLAINTIFF, BY COUNSEL, HEREBY DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ASHFORD DIMARTINO, P.C.
BY: C. ANTHONY ASHFORD
*/s/ C. Anthony Ashford*
Attorney for Plaintiff
334 W. 806 N.
Valparaiso, IN 46385
P: (219) 728-5210, ext. 2
F: (219) 728-5210
cashfordlaw1@gmail.com

## SWORN STATEMENT IN PROOF OF LOSS

CLAIM NO. 300-0022203-2022

It is understood and agreed that the furnishing of this blank form and any assistance by any representative of the Company in completing it, does not waive any rights of the Company under any conditions of the policy.

The policy names M M I of Hartford City LLC as the insured and is/was effective from 12:01 a.m. _____ to 12:01 a.m. _____ . Policy number under which you have filed a claim is _____.

1. **Time and Origin:** A Water damage loss occurred on the 9th day of January, 2022 , at 1:00 ☑AM ☐PM caused by Water Line break

2. **Occupancy:** The building described or containing the property insured was occupied for no other purpose than the following: Retail Commercial Rental

3. **Title and Interest:** At the time of the loss the interest of the Insured in the property described was sole and unconditional ownership and no other person or persons had any interest therein, lien or encumbrance thereon, except: None

4. **Changes:** The following changes have occurred in the title, use, occupancy or possession of the property since the policy was written. If none, please say so. None

5. **Other Insurance:** List any and all insurance policies or binders that you or anyone else has that may cover any of the property for which a claim is included, oral or written None

6. **Damages:** Please itemize the damage or loss within each of these categories:

| Coverage Involved | Replacement Cost of Damage | Actual Cash Value of Damage | Total Insurance Under this Policy | Amount Claimed Under this Policy |
|---|---|---|---|---|
| Bldg. | 158,791.80 | 142,912.62 | 1,684,800.00 | 158,791.80 |
| | | | | |
| | | | | |
| | | | | |
| TOTALS | | | | |

ANY ADDITIONAL DAMAGES DISCOVERED WILL BE IN ADDITION & ADDED TO Pol.

I understand I must support my claim through the submission of appropriate documentation and that whether submitted by me or on my behalf, any such submissions are material representations in making this claim. I understand that if my claimed amount is based upon replacement cost, if such policy provisions exist, those provisions must be met before such portions of the loss are payable.

I have not intentionally caused this loss. I have not in any way done anything to violate the conditions of the policy. The loss or damage did not occur as a result of my willful act or failure to act. I have not in any manner concealed any fact about the loss or tried to deceive the Company as to the extent of the loss. I will provide any other information that may be necessary to support my claim and have reviewed statutory fraud provisions on the back of this form.

Subscribed and sworn to before me this 30th day of June , 20 22

State of Indiana _____ County of Allen _____

Insured _____

Hitesh Patel - President MMI of Hartford City LLC
(PLEASE REFER TO FRAUD LANGUAGE ON BACK BEFORE SIGNING)

Notary Public  alex Beechy

Insured

18403 (2-17)

Alex Beechy, Notary Public
Commission Number: NP0723641
My Commission Expires: 11/21/2027
Residing in Allen County, IN

NOTARY PUBLIC
SEAL
STATE OF INDIANA

Page 1 of 2

05C01-2401-CT-000007
Blackford Circuit Court

Filed: 1/5/2024 3:49 PM
Clerk
Blackford County, Indiana

USDC IN/ND case 1:24-cv-00084-CCB-SLC    document 5    filed 01/05/24    page 9 of 9

Appraisal Agreement - MMI of Hartford City

We, the undersigned, pursuant to the Appraisal provision of the insurance polity, do hereby certify that we have truly and conscientiously performed the duties assigned us and have appraised and determine the loss as follows:

| | |
|---|---|
| Actual Cash Value of insured building: | $1,684.800.00 |
| Actual Cash Value of Insured Loss | $113,510.40 |
| Rental Value Loss 8267.96 x 12 months | $99,204.00 |
| Premium Surcharge | $5711.96 |
| Mitigation | $9100.00 |
| **Total** | **$227,526.26** |

Umpire Gene R. Duffin    *Gene R Duffin*    Date November 30, 2023

Appraiser Joe Hoffman    _____    Date 12-1-23

Appraiser Paul Nash    _____    Date_____