UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MMI OF HARTFORD CITY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:24-cv-00084-HAB-SLC |
| | ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On February 21, 2024, Defendant removed this action to this Court from the Blackford County Circuit Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendant's allegations in the notice of removal pertaining to the citizenship of Plaintiff MMI of Hartford City, LLC, however, are inadequate. Defendant alleges that Plaintiff is a limited liability company (LLC) and that its sole member, "MahenD NilaM Patel RevTrst HiteshPTrstee," is "located" in Indiana. (ECF 1 ¶ 8).[1]

This allegation is insufficient to establish the citizenship of a trust. If the sole member of Plaintiff is a "traditional" trust—that being a "'fiduciary relationship' between multiple people"—the trust's citizenship is determined by the citizenship of its trustee(s). *Americold Realty Tr. v. Conagra Foods, Inc.,* 577 U.S. 378, 383 (2016) (citations omitted); *see also*

---

[1] The citizenship of an LLC "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

*Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *4900 Morse Land Tr. v. Occidental Petrol. Corp.*, No. 2:23-cv-40-PPS-JPK, 2023 WL 1990076, at *5 (N.D. Ind. Feb. 14, 2023). However, if the member is a "business" trust, its citizenship is that of the trust's members or beneficiaries. *See Occidental Petrol. Corp.*, 2023 WL 1990076, at *4-5. Defendant must clarify which type of trust the member is.

To the extent that any trustee, member, or beneficiary is an individual, an individual's citizenship for purposes of diversity jurisdiction is determined by his domicile, not his location or residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). That is, "residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012).

Defendant bears the burden of demonstrating that complete diversity has been met, *Chase*, 110 F.3d at 427, and here it has not yet carried that burden. Therefore, Defendant is AFFORDED to and including March 5, 2024, to file a supplemental jurisdictional statement that adequately alleges Plaintiff's citizenship for diversity purposes.[2]

SO ORDERED. Entered this 27th day of February 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge

---

[2] Further, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).